NOT DESIGNATED FOR PUBLICATION

No. 125,829

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ANTHONY EARL RIDLEY,
*Appellant*,

v.

JEFFREY EASTER, SEDGWICK COUNTY SHERIFF,
*Appellee.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court, KEVIN O'CONNOR, judge. Submitted without oral argument. Opinion filed November 8, 2024. Appeal dismissed.

*Kristen B. Patty*, of Wichita, for appellant.

*Laura H. Oblinger*, legal advisor, of Sedgwick County Sheriff's Office, of Wichita, for appellee.

Before COBLE, P.J., GARDNER, J., and CARL FOLSOM III, District Judge, assigned.

PER CURIAM: Anthony Earl Ridley appeals the dismissal of his petition for relief under K.S.A. 60-1501, which challenged certain conditions of his confinement. After Ridley filed his petition in Sedgwick County, he was transferred to a prison in a different county. His appeal argues that the Sedgwick County District Court should have transferred his petition to the current county of his confinement rather than dismissing it. But while this appeal was pending, Ridley was transferred again and then released from confinement. We thus find his appeal moot.

1

*Factual and Procedural Background*

After being booked into the Sedgwick County jail in June 2022, Ridley filed a pro se petition for writ of habeas corpus under K.S.A. 60-1501 with the Sedgwick County District Court. Ridley alleged that employees of the Kansas Department of Corrections (KDOC) had unlawfully restrained him and that members of the Sedgwick County jail staff had interfered with his ability to practice his religion. Four days after mailing his petition, Ridley was transferred to El Dorado Correctional Facility in Butler County and later to Lansing Correctional Facility in Leavenworth County. Soon after the clerk filed Ridley's petition, the district court dismissed it, reasoning that Ridley was no longer in custody in Sedgwick County and should have petitioned in the county in which he was currently incarcerated.

Ridley moved for reconsideration of the order. But before the district court ruled on that motion, Ridley filed a notice of appeal with this court. This court remanded the case to the district court to rule on the outstanding motion. The district court then summarily denied Ridley's motion and the appeal proceeded.

Ridley then moved for summary disposition of his appeal. This court summarily dismissed Ridley's claims involving the conditions of confinement in Sedgwick County, finding those claims moot after his transfer. But this court denied summary disposition as to Ridley's claims regarding his treatment by the KDOC. Accordingly, the parties briefed whether the district court erred by dismissing Ridley's petition as to those claims.

After briefs were filed, Ridley filed a change of custody notice stating that he had been transferred from Leavenworth County to Sedgwick County. An attachment to that notice showed that Ridley had been released on parole in September 2024. Because it appeared that Ridley was no longer in confinement, this court ordered the parties to show cause why the appeal was or was not moot. Ridley's counsel replied that Ridley had

satisfied the prison portion of his sentence and that he had been released from custody but had failed to report as part of his lifetime postrelease supervision. As a result, an absconder warrant had been issued for him. Counsel stated that given those facts, she must remain silent on the issue of mootness. Although mootness is a prudential doctrine which allows exceptions, *State v. Roat*, 311 Kan. 581, 590, 466 P.3d 439 (2020), Ridley argues no exception.

Sheriff Jeffrey Easter responded to the show cause order that Ridley had completed the confinement portion of his sentence on September 18, 2024, and had since absconded. Easter argued that because Ridley was not imprisoned in Sedgwick County, "the appeal remains moot."

*Ridley's Petition is Moot*

Kansas appellate courts do not generally decide moot questions or render advisory opinions. *Roat*, 311 Kan. at 590; *State v. Montgomery*, 295 Kan. 837, 840, 286 P.3d 866 (2012). The mootness doctrine is one of court policy, under which the court is to determine real controversies about the legal rights of persons and properties that are actually involved in the case properly before it and to adjudicate those rights in a way that is operative, final, and conclusive. *Roat*, 311 Kan. at 590. A case is not moot if "it may have adverse legal consequences in the future." *Montgomery*, 295 Kan. 837, Syl. ¶ 4.

An issue on appeal will be dismissed as moot only if it can be shown clearly and convincingly that the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and the judgment would not impact any of the parties' rights. *Roat*, 311 Kan. at 584. In this case, both counsel for Ridley and Easter agree that Ridley has completed the prison portion of his sentence and has since been released from KDOC custody.

Relief under K.S.A. 60-1501 is available only to "any person in this state who is detained, confined or restrained of liberty on any pretense whatsoever." K.S.A. 2023 Supp. 60-1501(a). Because Ridley has completed the confinement portion of his sentence and is no longer in custody in Sedgwick County or any other county, the actual controversy about his conditions of confinement has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the parties' rights. See *Jamerson v. Heimgartner*, 304 Kan. 678, 686, 372 P.3d 1236 (2016) (finding release from administrative segregation rendered K.S.A. 60-1501 petition moot when petitioner was still confined in same facility but challenged only his confinement in administrative segregation); *Astorga v. Leavenworth County Sheriff*, No. 124,944, 2022 WL 16843472, at *5 (Kan. App. 2022) (unpublished opinion) (finding 60-1501 petition that challenged conditions of confinement at Leavenworth County Jail moot because it could provide no relief; Astorga's claims related solely to a particular place of confinement where he was no longer incarcerated.); *Kelly v. Cline*, No. 124,210, 2022 WL 2112625, at *1 (Kan. App. 2022) (unpublished opinion) (finding that release from administrative segregation, but continued confinement in same facility, mooted claims of improper confinement as to administrative segregation).

We thus dismiss Ridley's appeal as moot.

Appeal dismissed.